### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAKIR PICKENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 20-cv-2213-JBM |
| SHERIFF DUSTIN HEUERMAN, et al., | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. §1983, alleging violations of the First Amendment and The Religious Land Use and Institutionalized Person Act ("RLUIPA") at the Champaign County Jail ("Jail").[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff has attached 25 pages of exhibits to his complaint which were not reviewed. *See Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (plaintiff's grievances and prison officials' responses were not "necessary to the complaint.")

---

[1] 42 U.S.C. § 2000cc-1et seq.

## MATERIAL FACTS

Plaintiff, a Muslim, asserts a claim against four Jail staff members, alleging that they have substantially burdened his religious practice. On May April 20, 2020, Plaintiff requested permission for a family member to send him a "kufi," a religious head covering. Defendant Blodgett, the Program Coordinator, responded that the Jail was restricting the delivery of outside packages due to the COVID-19 emergency. Defendant Blodgett later informed Plaintiff that the Jail had ordered kufis from an outside vendor and would provide him one when they were delivered. In the meantime, Plaintiff's father had sent him a kufi which he was not allowed to receive as it was identified as sent from an unauthorized source. Plaintiff grieved the matter to Defendant Lieutenant Cravens, who denied the grievance. Plaintiff subsequently appealed to Defendant Lieutenant Sapp who upheld the denial.

On May 5, 2020, Plaintiff requested a prayer rug. Defendant Blodgett responded, that the Jail did not have prayer rugs, but that Plaintiff would be provided a towel on which to pray. Plaintiff asserts that using a towel for prayer is "degrading to the symbolism of the prayer rug." [ECF 1 at 10]. Plaintiff grieved the matter and Defendant Cravens responded, indicating that he had contacted the Counsel on American-Islamic Relations, and was told that a prayer towel could be used as a substitute for a prayer rug. Defendant Blodgett followed-up, indicating that the Muslim Services Volunteer had been asked to obtain a prayer rug for Plaintiff. Plaintiff grieved this matter as well, and names Defendants Cravens and Sapp for denying the grievance. Plaintiff requested declaratory and injunctive relief as well as $2.5 million in money damages.

## ANALYSIS

Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the institution. *Maddox v.*

*Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). In addition, under RLUIPA, officials may not substantially burden a detainee's religious exercise unless there is a compelling governmental interest at stake. If such an interest exists, prison officials must use the least restrictive means of achieving it. 42 U.S.C. § 2000cc-1(a).

Here, Plaintiff would assert that his religious practice was substantially burdened as he was not allowed to take possession of the kufi which his father had sent. Defendant Blodgett had informed Plaintiff, however, that there were restrictions on allowing outside items into the jail, due to the COVID-19 emergency. She also informed Plaintiff that kufis had been ordered and he would receive one. Here, Plaintiff pleads, not a refusal to provide him with the head covering, but rather, a delay in receiving it. This delay is attributable to COVID-related safety restrictions, a compelling governmental interest. The claim as to the kufi is DISMISSED for failure to state a claim.

Plaintiff also asserts that having to use a prayer towel rather than a prayer rug degrades the symbolism of a prayer rug. This is insufficient to plead that Defendants' conduct has, under a RLUIPA analysis, rendered Plaintiff's religious exercise "effectively impracticable." *Korte v. Sebelius*, 735 F.3d 654, 683 (7th Cir. 2013) (citing *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)). It also fails under a First Amendment analysis as it neither causes Plaintiff "to refrain from religiously motivated conduct" nor "compels conduct or expression that is contrary to those beliefs." *Koger v. Bryan,* 523 F.3d 789, 798-99 (7th Cir. 2008) (internal quotation and citation omitted).

Plaintiff names Defendant Sheriff Heuerman but fails to state a claim against him other than asserting that he has a supervisory role over Jail detainees. The doctrine of *respondeat superior* (supervisor liability), however, does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). Plaintiff fails to allege that Defendant Heuerman is personally responsible for the alleged violations and fails to state a claim against him. Defendant Heuerman is DISMISSED.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendant Heuerman is DISMISSED.

| | |
|---|---|
| \_\_11/24/2020\_\_ | \_\_\_\_\_s/Joe Billy McDade\_\_\_\_\_ |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |