UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAKIR PICKENS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-2213-JBM |
| | ) |
| SHERIFF DUSTIN HEUERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW- AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. §1983, alleging violations of his First Amendment religious rights at the Champaign County Jail ("Jail"). While Plaintiff had alleged violations of the Religious Land Use and Institutionalized Person Act ("RLUIPA") in his original complaint, he does not replead here.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### MATERIAL FACTS

Plaintiff is a Muslim who wears a kufi, a religious head covering. Plaintiff complains of the Jail policy which only allows religious head coverings to be worn in the housing units and during religious services. On August 17, 2020, Plaintiff was walking to the library while wearing

---

[1] 42 U.S.C. § 2000cc-1et seq.

1

a kufi and was stopped by Defendant McMahon. Rather than removing the kufi, Plaintiff returned to his cell. He thereafter wrote a grievance of the matter, complaining that his religious rights had been violated.

On August 19, 2020, Defendant Lieutenant Cravens responded to the grievance, reiterating the policy that religious headgear was only allowed in the housing units and during religious services. Defendant appeal this denial, and on August 20, 2020, Defendant Lieutenant Sapp denied the appeal, citing the aforementioned policy.

Plaintiff alleges that all three individual Defendants violated his First Amendment rights by not allowing him to wear his kufi in the public portions of the jail. Plaintiff requests punitive damages and injunctive relief, that he be allowed to freely practice his religion.

## ANALYSIS

Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the institution. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). Here, Plaintiff states a colorable claim that his religious practice was substantially burdened when he was not allowed to wear a religious head covering without restrictions.

Although Plaintiff names three individual officers as Defendants, his actual complaint goes to the allegedly unconstitutional policy which the Defendants were enforcing. Plaintiff offers nothing to support that Defendants had individual liability for enacting the policy, or that they had the authority to exempt him from its application. *See McGill v. Duckworth*, 944 F.2d

344, 348–49 (7th Cir. 1991) (plaintiffs may not "tax employees of the prison system with the effects of circumstances beyond their control.") In addition, Plaintiff requests injunctive relief, something which three officers would not be authorized to implement. *See Grayson v. Goetting*, No. 15-00198, 2015 WL 887800, at *4 (S.D. Ill. Feb. 27, 2015) (a claim for injunctive relief is to be asserted against those parties who would have the responsibility "for ensuring injunctive relief is carried out."); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

As Plaintiff is complaining a about a policy, the proper Defendant is one who had decision-making authority as to that policy. *See Teesdale v. City of Chicago,* 690 F.3d 829, 834 (7th Cir. 2012). As previously noted, for purposes of injunctive relief, Plaintiff must name a party who has the authority to implement the requested relief. Accordingly, the Court determines that the Champaign County Sheriff, former Defendant Dustin Heuerman, is a proper party, and he will be added in his official capacity. In addition, Champaign County will be named as a necessary party and indemnifier of the Sheriff. *Carver v. Sheriff of LaSalle Cty.* 324 F.3d 947, 948 (7th Cir. 2003).

Plaintiff fails to plead a colorable First Amendment claim against Defendants McMahon, Cravens and Sapp. In addition, he may not proceed against Defendants Cravens and Sapp merely for their denial of his grievance. *See George v. Smith,* 507 F.3d 605, 609–10 (7th Cir.2007) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's amended complaint will proceed on his claim that the Jail had an unconstitutional policy under which his First Amendment religious rights were violated. Champaign County is to be added as a Defendant and former Defendant Sheriff Heuerman is to

3

be reinstated, in his official capacity. Defendants McMahon, Cravens and Sapp are dismissed for the failure to state a claim against them pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

      6.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

      7.      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

      8.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

      **IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

      1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

      2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND

      3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

      LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT

FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| 4/23/2021<br>ENTERED | s/Joe Billy McDade<br>JOE BILLY McDADE<br>UNITED STATES DISTRICT JUDGE |